UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECCA JANE SNELL,

      Plaintiff,

v.                                           Case No:  6:12-cv-1542-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.

Based upon a review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties, and for the reasons that follow, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**.

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

## I.  Background

Plaintiff filed for DIB and SSI benefits on February 18, 2010. Tr. 86.  She alleged an onset of disability on April 5, 2007, due to social anxiety and dysthymic disorders, history of epilepsy, and explosive/anger disorder.  Tr. 86, 160-65, 175.  Her application was denied initially and upon reconsideration.  Tr. 86-89.  She requested and received a hearing, which was held on March 2, 2011, before the ALJ.  Tr. 34-85.  At the time of the hearing, Plaintiff was 50 years old.  Tr. 38.  In a decision dated March 11, 2011, the ALJ found Plaintiff not disabled as defined under the Act through the date of her decision. Tr. 12-33.  Plaintiff timely filed a Request for Review of the ALJ's decision.  Tr. 10-11. The Appeals Council denied Plaintiff's request on August 16, 2012.  Tr. 4-9.  Accordingly, the ALJ's March 11, 2011 decision is the final decision of the Commissioner.  After receiving an extension of time to file a civil action, Tr. 1-3, Plaintiff timely filed this action for judicial review on October 11, 2012.  (Doc. 1).  Plaintiff has exhausted the available administrative remedies, and her case is properly before the Court.

On appeal, Plaintiff raises three arguments.  First, she contends that the ALJ's determination that she could perform her past relevant work is unsupported by substantial evidence because the ALJ relied on inaccurate vocational expert ("VE") testimony.  (Doc. 20-2, pp. 9-11).  Second, Plaintiff faults the ALJ's determination that she could perform other work existing in significant numbers in the national economy; a finding Plaintiff contends is supported by insufficient analysis and is based on the VE's answers to hypothetical questions that did not fully reflect Plaintiff's condition (Doc. 20-2, pp. 11-15). Finally, Plaintiff argues that the ALJ erred in failing to give controlling weight to the opinions of two treating doctors.  (Doc. 20-2, pp. 15-24).

## II.  The ALJ's Decision

In determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).  Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis.  Tr. 15-27.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her January 7, 2007 alleged onset date.  Tr. 17.  At step two, the ALJ determined that Plaintiff had the following severe impairments: a personality disorder, an organic mental disorder, alcoholism in remission, dysthymia, chronic bronchitis, and gastroesophageal reflux disease.  Tr. 17-18.  At step three, the ALJ found that none of Plaintiff's impairments rose to listing-level severity.  Tr. 18-21.  Next, the ALJ found that Plaintiff retained the residual functional capacity to perform a wide range of light work, provided she was not subjected to concentrated levels of dust, fumes, or gases and interacted with the public only rarely and co-workers only occasionally.  Tr. 21-26.  At step four, the ALJ relied on the testimony of the VE.  Tr. 70-71.  Based on the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a medical records analyst as it is

generally performed in the national economy.  Tr. 26-27. [2] Based on this finding at step

four, the ALJ concluded that Plaintiff was not under a disability from her alleged onset

date through the date of the administrative hearing. Tr. 27.

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied

the correct legal standards and whether the ALJ's findings are supported by substantial

evidence.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  The

Commissioner's findings of fact are conclusive if supported by substantial evidence.  42

U.S.C. § 405(g).  Substantial evidence is "more than a scintilla but less than a

preponderance.  It is such relevant evidence that a reasonable person would accept as

adequate to support a conclusion."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176,

1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the

district court will affirm even if the reviewer would have reached a contrary result as finder

of fact, and even if the reviewer finds that the preponderance of the evidence is against

the Commissioner's decision.  Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The

district court "may not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the [Commissioner.]"  Id.  "The district court must view the record as a

whole, taking into account evidence favorable as well as unfavorable to the decision."

Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979

F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine

the reasonableness of the factual findings).

---

[2] Alternatively, the ALJ found at Step 5 that the claimant could perform other work existing in significant numbers in the national economy.  Tr. 27.

## IV. Discussion

A.  Dr. Kane's Opinion

Plaintiff argues that the ALJ improperly rejected the opinion of Dr. Martin S. Kane that Plaintiff would probably not be able to work eight hours per day, five days per week and would not be able to work if supervised.  (Doc. 23, p. 16).  In evaluating a claimant's residual functional capacity, the ALJ must weigh the opinions and findings of treating, examining, and non-examining physicians.  An opinion includes any statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnoses, and prognoses, what the claimant can still do despite her impairments, and the claimant's physical or mental restrictions.  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011).  When confronted with a physician's opinion, the ALJ must state with particularity the weight given to the opinion and the reasons therefor. Id. (citing 20 CFR. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). Such a statement is necessary to enable reviewing courts "to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1178-79 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

Medical opinions of treating physicians are afforded special weight.  Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  This is because treating physicians are more likely "to provide a detailed longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as consultative examinations or brief hospitalizations."  20 C.F.R. § 404.1527(c)(2).  A treating physician's opinion "must be given substantial or considerable weight unless

good cause is shown to the contrary." Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  Good cause exists to discount a treating physician's opinion when the opinion is not bolstered by the evidence, evidence supports a contrary finding, the opinion is conclusory or the opinion is inconsistent with the treating physician's medical records.  Johnson v. Barnhart, 138 F. Appx. 266, 269 (11th Cir. 2005).  If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record," the ALJ must give the opinion controlling weight.  20 C.F.R. § 404.1527(c)(2).  If an ALJ gives less than substantial weight to a treating physician's opinion without clearly articulating why, the court typically must reverse.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

That said, harmless errors in weighing treating physician testimony are treated no differently from other harmless errors.  See Caldwell v. Barnhart, 261 Fed. Appx. 188, 191 (11th Cir. 2008).  Where, as here, both the claimant and the Commissioner agree that the plaintiff has a severe but not listing-level impairment, an ALJ's error in weighing medical testimony prejudices the claimant only when the error might have affected the ALJ's assessment of the claimant's residual functional capacity.  See Id.; James v. Astrue, No. 3:11-cv-226-J-TEM, at *6-7 (M.D. Fla. Mar. 12, 2012).

The statement at issue here comes from the "Treating Source Mental Status Report," Dr. Kane completed on March 10, 2010. Tr. 394-399.  Question 5 of the form asked him to "provide a statement about what your patient can still do despite his/her mental impairment(s) addressing your patient's capacity for understanding and memory, sustained concentration and persistence, social interaction, and adaptation." Tr. 396.  Question 6 asked "Is this individual capable of sustaining work activity for eight hours a

day, five days a week? If not, explain why using examples of behavioral objective data."

Tr. 396.  On Question 5, Dr. Kane answered "no significant limitations" in understanding

and memory or sustained concentration and persistence.  He also wrote, "Patient could

work on her own (if no supervision)," and drew an arrow from "social interaction" to his

response to Question 6.  On Question 6, Dr. Kane wrote "Probably not. It's interpersonal

relationships that are her downfall." Tr. 396.

     The ALJ discussed Dr. Kane's treatment records and opinions at length in her

residual functional capacity assessment.  Tr. 23, 25–26.  The ALJ carefully detailed each

of Dr. Kane's opinions from the record, including the statement on the treating source

mental status report.  Tr. 25.  Her discussion of these opinions continued:

> The undersigned has considered that while Dr. Kane is the
> treating source and, as such, his opinions are deserving of
> due consideration, it must be noted that Dr. Kane has not
> been consistent in his opinions nor is there supportive
> evidence of his assessments. The opinion as to the claimant
> not being disabled has been duly considered and, as
> supported by the evidence, is accorded some weight.
> Although Dr. Kane assessed the claimant's overall thought
> processes, memory, and concentration, there is no supportive
> documentation of such within Dr. Kane's treatment notes. Dr.
> Kane offered no explanation as to why the claimant "probably"
> would not be capable of sustained work activity, thus
> rendering this assessment less persuasive. Finally, his
> statement in December 2010 that the claimant was not
> *currently* able to adjust to ordinary stresses is accorded little
> weight as it is time-limited and again not supported by his own
> treatment notes. Overall, the lack of any reported severity of
> symptoms in Dr. Kane's treatment notes, his rather
> inconsistent assessments, the reportedly good (or
> tremendous) progress made by the claimant, the normal
> mental status examination findings from April 2010, and the
> claimant's own reports of activities outweigh the psychiatrist's
> later opinions as to the claimant's inability to work.

Tr. 25–26 (emphasis in original).

Plaintiff does not contend that the ALJ failed to consider Dr. Kane's opinion, or that she considered it but failed to articulate her reasons for rejecting it.  Cf. Winschel, 631 F.3d at 1178-79.  Rather, Plaintiff argues that the ALJ's reasons were inadequate.

Although the Court is troubled by the ALJ's suggestion that she gave less weight to Dr. Kane's December, 2010 opinion because it was "time-limited," the Court finds that the ALJ set forth good cause for affording little weight to the doctor's March and December 2010 opinions.

The ALJ properly considered Dr. Kane's treating notes in assessing the doctor's opinions.  When a treating physician's opinion is unsupported by or inconsistent with the physicians treatment records, the ALJ may consider the lack of support or the inconsistencies in discounting the opinion.  Peters v. Astrue, 232 Fed. Appx. 866, 871 (11th Cir. 2007); Good v. Astrue, 240 Fed. Appx. 399, 403 (11th Cir. 2007).  However, the ALJ may not rely on conclusory statements to the effect that an opinion is inconsistent with or not bolstered by the medical record but must articulate factual support for such a conclusion.  See Poplardo v. Astrue, 2008 WL 68593, *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand). Here, the ALJ noted that Dr. Kane regularly reported fair-to-good progress while treating Plaintiff during 2008 and 2009.  Tr. 23, 382-93, 436.  Moreover, as the ALJ pointed out, in September 2008, Dr. Kane told Plaintiff's mother that Plaintiff was not disabled,[3] and in

---

[3] Plaintiff urges the Court to ignore this statement because its evidentiary value is "based on the assumption that Dr. Kane knew the Commissioner's definition of the word disabled." (Doc. 23, p. 19). This is not correct. Even if Dr. Kane did not know the Commissioner's precise definition of the word "disabled," his opinion would still be highly relevant if he meant "disabled" in the sense of "unable to work." And, even if Dr. Kane used "disabled" in some other sense, his opinion would still be probative. Had Dr. Kane instead told Plaintiff's mother that Plaintiff was disabled, it would be reversible error for the ALJ to ignore that statement. Chappell v. Schweiker, 599 F. Supp. 1, 7 (N.D. Ga. 1983).  It was certainly not error, therefore, for the ALJ to consider Dr. Kane's statement that he did not think Plaintiff was disabled.

May, 2009, he indicated that Plaintiff had "progressed tremendously" since he had begun treating her in 2000. Tr. 23, 25, 380, 389.

Nor did the ALJ err in considering Dr. Kane's use of the word "probably" to qualify his opinion that Plaintiff would not be able to sustain work activity.  "[I]f the treating physician is unsure of the accuracy of his findings and statements, there is certainly no legal obligation for the ALJ to defer to the treating physician's report."  Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991).  See also Mason v. Comm'r of Social Security, 430 Fed. Appx. 830, 832 (11th Cir. 2011) ("Where a treating physician expresses uncertainty as to his own medical findings, the ALJ has no obligation to defer to his opinion."); Anderson v. Comm'r of Social Security, 427 Fed. Appx. 761 (11th Cir. 2011) (ALJ did not err in rejecting opinion from "inconsistent and equivocal" non-treating medical source about matters outside specialty).

Finally, the ALJ noted that Plaintiff's report of her daily activities suggested that she is in fact capable of working at a job where contact with co-workers is occasional and contact with the public is rare. Conflict between a treating physician's opinion and a claimant's report of her own daily activities is a "legitimate reason" for giving less weight to the opinion.  Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004).  Earlier in her opinion, the ALJ indicated that Plaintiff "has continued to maintain friendships" and "has been involved in a billiard league since August 2010, obviously able to participate with the team without any reported stress or panic attacks."  Tr. 23.

The other evidence the ALJ invoked to discredit Dr. Kane's opinion is unpersuasive.  The ALJ discounted Dr. Kane's December 2010 statement in part because it was "time limited."  Tr. 26.  But that doesn't make it any less probative on the question of whether Plaintiff was injured in December 2010, a month that lies within both

the insured period and the period of claimed disability.  The ALJ also refers, without

citation, to "normal mental status examination findings from April 2010." Tr. 26.  The only

examination report in the record dated April 2010 is Dr. Bruce Hoffen's.  Tr. 413-16.  Dr.

Hoffen is a neurologist; as such his examination and report address the neurological

aspects of Plaintiff's condition.  And while he notes Plaintiff's psychiatric problems, Dr.

Hoffen expressly "defer[s] to psychiatry regarding depression and anxiety and how this

affects the patient's overall performance." Tr. 415.  Lastly, the ALJ was simply wrong to

state that Dr. Kane did not explain his opinion expressed in the March 2010 treating

source mental status report that Plaintiff was probably unable to hold down a job.  Tr. 26.

Dr. Kane did, in fact, explain this opinion by writing, in the very next sentence, that

"interpersonal relationships" are Plaintiff's "downfall." Tr. 396.

Nevertheless, the Court is satisfied that, taken together, the inconsistencies in Dr.

Kane's opinions and the feeble support for those opinions in his own treatment records,

the lack of certainty Dr. Kane expressed as to his own opinion, and the claimant's reports

of her own social activities, constitute "good cause" for the ALJ to grant diminished weight

to the opinion of Dr. Kane.  In sum, the ALJ articulated good reasons, supported by

substantial evidence, for discounting Dr. Kane's opinions.

B.  Dr. Hudson's Opinion

Plaintiff also faults the ALJ for failing to afford sufficient weight to the opinion of Dr.

John Hudson, Plaintiff's treating family physician, regarding the severity of Plaintiff's

physical ailments.  (Doc. 23, p. 20).  On June 28, 2010, Dr. Hudson wrote a letter stating

that Plaintiff's medical problems "have caused her to currently be disabled for the last four

years." Tr. 437.  In particular, Dr. Hudson indicated that Plaintiff suffers from "severe

chronic fatigue due to chronic bronchitis" from c. pneumonia, "cough with shortness of

breath," GERD, and chronic colitis.  Dr. Hudson also noted that "a Psychiatrist is treating her for uncontrolled panic attacks and depression" and that "[a]ll of these problems prevent her from being able to concentrate at work."  He continued, "Rebecca has a long road to recovery, which may take 18 to 24 months."  Tr. 437.

On February 4, 2011, Dr. Hudson wrote a letter intended "to explain [Plaintiff's] medical condition."  Tr. 475.  This letter said Plaintiff "is currently being treated for chronic chlamydia pneumonia which she has been consistently symptomatic for since 2006.  She also has significant severe fatigue, muscle aches, and chronic bronchitis as well as sluggish thinking and concentration problems, which have been disabling her from being employed since about 2007."  Id.

The ALJ afforded these opinions "little weight" for three reasons.  First, the ALJ noted that Dr. Hudson expressed an opinion as to the ultimate issue of disability, which is reserved to the Commissioner.  Second, the ALJ discounted Dr. Hudson's opinion because the doctor had not seen Plaintiff between 2004 and 2010.  And third, the ALJ determined that Dr. Hudson's treatment notes failed to support his opinion, "especially in view of the claimant's normal oxygen saturation levels, the conservative treatment and minimal findings recorded, and the claimant's own reports of activities."  Tr. 25.

The fact that Dr. Hudson expressed an opinion on the ultimate issue of disability is not by itself a good reason for rejecting the opinion.  Medical source opinions on the ultimate issue of disability are still medical source opinions.  Although the ALJ is not bound by them, Symonds v. Astrue, 448 Fed. Appx. 10, 12 (11th Cir. 2011), the ALJ cannot simply ignore them–or, by extension, disregard them solely because they address the issue of disability, Chappell v. Schweiker, 599 F. Supp. 1, 7 (N.D. Ga. 1983).

Moreover, the opinions in Dr. Hudson's letters extend to other matters (for example, the severity of Plaintiff's fatigue and muscle aches and the duration of her ailments).

The ALJ also discounted Dr. Hudson's opinion because he had not seen Plaintiff between 2004 and 2010.  Typically, a medical source opinion regarding a claimant's condition is most probative of the claimant's condition on the date the opinion is expressed (or at least on the last date the treating physician saw the patient).  But, such an opinion can also be probative of a claimant's condition prior to the examination, particularly if the claimant's ailments are chronic in nature.  The Eleventh Circuit has held that "a treating physician's opinion is . . . entitled to significant weight notwithstanding that he did not treat the claimant until after the relevant determination date."  Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983).  But, an opinion need not be afforded retrospective weight "unless corroborated by contemporaneous medical evidence of a disabling condition."  Mason, 430 Fed. Appx. at 832.  And, a retrospective opinion may be rejected if it is conclusory or inconsistent with other evidence in the record.  Broz v. Astrue, No. 3:07-cv-204/RV/EMT, 2008 WL 1995084 (N.D. Fla. May 5, 2008).  Here, the ALJ reasonably declined to afford retrospective weight to Dr. Hudson's conclusory opinion that Plaintiff has been disabled since 2007, when he had not seen her once between 2004 and 2010.  While this is good reason for affording Dr. Hudson's opinion little weight on the issue of whether Plaintiff was disabled in 2007, it is not a reason for discounting the doctor's opinion on the issue of whether Plaintiff was disabled in 2010.

The ALJ's third reason–the lack of support for Dr. Hudson's opinion in his treatment notes and its inconsistency with the record in general–does constitute good cause for rejecting Dr. Hudson's opinion.  Plaintiff accuses the ALJ of improperly trading her robe for a doctor's coat in rejecting Dr. Hudson's opinion based on Plaintiff's activities.

While it is true that an ALJ may not "substitute[] his own uninformed medical evaluations for those of the claimant's treating physicians," Marbury v. Sullivan, 957 F.2d 837, 840-41 (11th Cir. 1992) (Johnson, J., concurring), it is also true that ALJ's need not accept opinions that are not supported by the evidence.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).  If the ALJ relied only on Plaintiff's oxygen saturation levels and the perceived conservativeness of Dr. Hudson's treatment, Plaintiff might have a point.  But the ALJ also relied on Plaintiff's own reports of her daily activities, activities which are not those of a person limited to sedentary work.  As the ALJ pointed out, Plaintiff attends matches in a pool league for 3.5 hours every Thursday evening and shops for 3-4 hours at a time.  Tr. 22.  Plaintiff also reported engaging in regular exercise in three separate visits to Dr. Hudson.  Tr. 19, 452, 455, 466, 470. Cf. Moore v. Astrue, 572 F.3d 520, 524 (8th Cir. 2009) (a treating physician's recommendation that claimant exercise regularly is inconsistent with a finding of disability); Hacker v. Barnhart, 459 F.3d 934, 938 (8th Cir. 2006) (no error for ALJ to dismiss treating physician's opinion that claimant was incapable of "even minor physical exertion" where physician frequently admonished claimant to exercise more often).

Thus, the ALJ clearly articulated good cause for giving "little weight" to Dr. Hudson's opinion, namely that the opinion is inconsistent with the other evidence in the record.  Substantial evidence supports this determination and therefore,  the ALJ did not err in affording "little weight" to Dr. Hudson's opinions.

C.  The Vocational Expert's Testimony

The VE, in response to the ALJ's questions regarding the exertional demands and skill levels of Plaintiff's past work, identified Plaintiff's job at Orlando Health, M.D. Anderson Cancer Center, as "Medical record coder, DOT . . . 079.262.014, sedentary

with an SVP of 7." Tr. 71.  Neither the code nor the title can be found anywhere in the Dictionary of Occupational Titles.  Plaintiff speculates that the VE might have meant to refer to Medical Record Technician, DOT § 079.362-014. (Doc 23, p. 10); Defendant suspects that the VE "may have meant to reference section 079.362-01[8] of the DOT, titled tumor registrar."  (Doc. 24, p. 6).  Despite the VE's obvious error, during his testimony the VE stated that his responses were consistent with the Dictionary of Occupational Titles.  Tr. 83.

Well-settled precedent in this circuit permits an ALJ to resolve any conflict between a VE's testimony and the DOT in favor of the VE.  Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999).  The ALJ must inquire on the record whether there are any inconsistencies, id., but is under no obligation to independently investigate whether there is any conflict. Willis v. Comm'r of Soc. Sec., No. 3:09-cv-297-J-20MCR, 2010 WL 3245449, at *9 (M.D. Fla. Aug. 17, 2010) (collecting cases). Whatever DOT title the VE meant to cite at the hearing, the ALJ did not commit reversible error in relying on that testimony.

D.  The ALJ's Step 5 Analysis

Plaintiff faults the ALJ's step five analysis as insufficient.  The ALJ's discussion of step 5 was limited to her statement that she "accept[s] the [VE]'s determination that the claimant could perform . . . other work existing in significant numbers in the national economy."  I agree that this analysis (if it can be called that) is insufficient to support a finding that Plaintiff is not disabled because she could perform other work in the national economy.  But, this error is harmless because the ALJ's decision to deny benefits at step 4 is supported by substantial evidence.

## V.  Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.      The Commissioner's final decision in this case be **AFFIRMED**.

2.      The Clerk be directed to enter judgment accordingly and **CLOSE** the file.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on December 6, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record