# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REBECCA JANE SNELL,**

         **Plaintiff,**

**v.**                                                    **Case No:   6:12-cv-1542-Orl-22TBS**

**COMMISSIONER OF SOCIAL
SECURITY,**

         **Defendant.**

_____

## ORDER

This cause comes before the Court on Plaintiff Rebecca Jane Snell's ("Plaintiff") Objections (Doc. No. 26) to the Magistrate Judge's Report and Recommendation ("R&R") issued on December 6, 2013 (Doc. No. 25). The Commissioner filed a Response in opposition to Plaintiff's Objections (Doc. No. 27), and, with leave of Court, Plaintiff filed a Reply thereto (Doc. No. 30).

After an independent *de novo* review of the record in this matter, the Court agrees entirely with the findings of fact and conclusions of law in the R&R.

## I. BACKGROUND

The Court adopts as if fully set forth herein the background section from the Magistrate Judge's R&R. In this case, the Administrative Law Judge ("ALJ") denied benefits based on her determination that Plaintiff could return to her past relevant work as a medical record coder as generally performed in the national economy. The United States Magistrate Judge has submitted a report recommending that the Commissioner's final decision be affirmed.

## II. PLAINTIFF'S OBJECTION

Plaintiff's sole objection is that the ALJ did not know the physical and mental demands of Plaintiff's past relevant work as a medical record coder because the Vocational Expert ("VE") did not cite the correct section for that work from the Dictionary of Occupational Titles ("DOT"). Thus, Plaintiff argues, the ALJ lacked substantial evidence to find that Plaintiff could perform her past relevant work as a medical record coder as generally performed in the national economy.

When an ALJ makes a disability determination, she follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform her past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted). When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing 42 U.S.C. § 405(g)).[1] Typically, "VE testimony is not necessary to determine whether a claimant can perform her past relevant work" at step four of the evaluation process, but the ALJ may choose to consider it. *Stone v. Comm'r Soc. Sec.*, --- F. App'x ----, 2013 WL 6017393, at *1 (11th Cir. 2013) (per curiam) (citation omitted). In the Eleventh Circuit, the VE's testimony "trumps" the DOT

---

[1] Substantial evidence is evidence that is "more than a scintilla, i.e. evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote*, 67 F.3d at 1560 (citations omitted).

entry when they conflict. *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 661-62 (11th Cir. 2007) (per curiam); *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1999).

In this case, the VE stated (or the transcriber mistakenly recorded) that the DOT section for "medical record coder" was 079.262-014, was a sedentary occupation, and had a Specific Vocational Preparation ("SVP")[2] of 7. Neither the Magistrate Judge nor the undersigned could locate a DOT entry with that number or that title. Plaintiff testified that she was a "medical records analyst for the tumor registry department in the M.D. Anderson Cancer Center," and that her work involved reviewing lab and diagnostic reports and entering new cases of cancer into the tumor registry database. (Tr. 39.) The DOT contains an entry coded 079.362-018 titled "Tumor Registrar," which is a sedentary occupation with an SVP of 7. The description of this occupation largely comports with Plaintiff's description of her previous work. More than likely, this is the entry to which the VE meant to refer.

Regardless of what DOT code the VE meant to cite, his testimony constituted substantial evidence that the ALJ could reasonably have relied on. The ALJ solicited the VE's testimony via the requisite hypothetical question taking into account all of Plaintiff's factually-supported impairments. (*See* Tr. 71-72.) Even if this testimony conflicted with the DOT, the ALJ could still have resolved the conflict in favor of the VE. *Jones*, 190 F.3d at 1229-30. The fact that the VE misstated the DOT code is harmless, especially where the DOT entry that is most consistent with Plaintiff's previous work stated a strength requirement and SVP that matched the VE's testimony. Thus, ALJ's determination will be upheld.

---

[2] "Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Dep't of Labor, *Dictionary of Occupational Titles* App. C (4th ed. 1991).

## III. CONCLUSION

Based on the foregoing, it is ordered as follows:

1.      The Report and Recommendation (Doc. No. 25), filed December 6, 2013, is **ADOPTED and CONFIRMED** and is made a part of this Order.

2.      Plaintiff Rebecca Jane Snell's Objections to the R&R (Doc. No. 26), filed December 17, 2013, are **OVERRULED**.

3.      The final decision of the Commissioner is **AFFIRMED**.

4.      The Clerk is directed to enter judgment in favor of the Commissioner, and to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on February 18, 2014.


ANNE C. CONWAY
United States District Judge



Copies furnished to:

Counsel of Record
Unrepresented Parties